**SO ORDERED: September 19, 2006.**

_____
**Basil H. Lorch III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| ROHN S. LYONS and | ) | CASE NO. 06-90077-BHL-13 |
| DOROTHY V. LYONS, | ) | |
|    Debtors. | ) | |

**ORDER**

This matter is before the Court on an **Objection to Chapter 13 Plan** filed by Ford Motor Credit Company ["FMCC"] on February 21, 2006. A hearing was held on May 9, 2006, at which time the Court allowed a further briefing of the issue. The **Debtor's Memorandum** was filed on May 26 and the Creditor's **Brief in Support of Objection to Chapter 13 Plan** was filed on June 20, 2006.

The Court now makes the following Findings of Fact:

1.    On or about January 20, 3002, Rohn S. Lyons and Dorothy V. Lyons ["the Lyons"] purchased a 2003 Ford Focus ["Focus"], Serial No. 1FAFP3634W162424, from Carriage Ford in Clarksville, Indiana for the cash price of $18,720.53. The purchase of the Focus was financed pursuant to an Indiana Simple Interest Vehicle Retail Installment Contract ["Contract"] that was

subsequently assigned to FMCC.

2. Pursuant to the terms of the Contract, the annual percentage interest rate is 12.90% and the Debtors were to pay sixty (60) monthly payments, each in the amount of $414.45, commencing March 1, 2003.

3. On September 10, 2004, the Lyons filed a petition under Chapter 7 of the United State Bankruptcy Code under Case No. 04-93255-BHL-7 ["2004 Petition"], in which they received a discharge on December 22, 2004. On September 10, 2004, the Lyons filed a Reaffirmation Agreement with the Court whereby they agreed to pay the remaining obligation with FMCC arising from the Contract.

4. On January 20, 2006, or 1085 days after the purchase of the Focus, the Lyons filed their petition under Chaper 13 of the United States Bankruptcy Code ["2006 Petition"].[1]

5. On February 16, 2006, the United States Trustee issued a Notice of Ineligibility for Discharge.

6. On January 20, 2006, the Lyons filed their Chapter 13 Plan whereby they propose to pay $1,254.17 monthly to the Chapter 13 trustee for sixty (60) months, for a total plan base of $75,250.20. The proposed Plan grants FMCC a $9,475.00 allowed secured claim, together with 7.25% interest payable in equal monthly payments of $186.05.

7. FMCC objects to the proposed Plan inasmuch as it fails to offer adequate protection payments to FMCC; is silent as to when payments commence; and provides that a holder of a secured claim shall retain its lien securing such claim under the earlier of the payment of the

---

[1] The Lyons previously filed for relief under Chapter 13 of the Bankruptcy Code on July 22, 1996, under Case No. 96-91549-BHL-13. That case was dismissed on November 7, 2003.

underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C. § 1328.

8.  On February 16, 2006, FMCC filed its secured Proof of Claim in the amount of $11,163.06. The Proof of Claim provides that the value of the Focus is $10,050.00, and that the amount of pre-petition arrearage included in the secured claim is $428.00. No objection has been filed to the Proof of Claim.

9.  On February 21, 2006, FMCC filed its Objection to the Chapter 13 Plan. The Objection asserts that the cramdown provisions of 11U.S.C. §1325(a) should not be available to the Lyons since they are not eligible to receive a discharge.

## Discussion

FMCC argues that confirmation of the Debtors' Plan should be denied for lack of good faith and that the contract between the parties is not susceptible of modification. Alternatively, FMCC asserts that if the cramdown provisions apply, then the appropriate retail value and modified interest rate for the Focus should be $10,050 and 8.75%, plus adequate protection in an amount not less than 1% of its total undisputed claim.

Initially, the Court is satisfied that the plan has been proposed in good faith and not by any means forbidden by law. It is true that the Debtors have filed for bankruptcy relief three times in the past nine years. That fact alone, however, is insufficient to establish bad faith. Although FMCC speculates as to the motives of the Debtors and the probably outcome of this case, the plan has not been proposed by any means forbidden by law. The Debtors qualify as "debtors" under the statute although, based on previous filings, they do not qualify for a discharge pursuant to 11 U.S.C. § 1328(f). Although Congress specifically prohibits debtors from "cramming down" debt related to cars purchased in the 910-days preceding the bankruptcy filing, Congress did not impose such a

limitation on debtors who do not qualify for a discharge.

Nevertheless, the Court finds that a risk enhancement would be appropriate given the circumstances of the case. Furthermore, secured creditors are entitled to compensation for depreciation of collateral during the plan period. BAPCPA added section 1325(a)(5)(B)(iii)(l) which provides that if "the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan."

Based upon the foregoing, the Court finds that the cramdown provisions are applicable in this case. It is hereby ORDERED that FMCC has an allowed secured claim in the amount of $10,050.00 and modified interest rate of 8.25%. It is further ordered that pre-confirmation adequate protection payments shall be paid in an amount equal to 1% of FMCC's total claim as set forth herein. Such payments shall be calculated from thirty days after the date of the filing to the date of confirmation.

**IT IS SO ORDERED**.

# # #

Distribution:

Bruce Goldberg
623 E. Spring Street
New Albany, IN 47150

John J. Petr
Harley K. Means
KROGER, GARDIS & REGARS, LLP
Bank One Center/Circle
111 Monument Circle, Suite 900
Indianapolis, IN 46204-5125

Joseph M. Black
Chapter 13 Trustee
P.O. Box 846

Seymour, Indiana 47274

Office of the U.S. Trustee
101 W. Ohio Street, Suite 1000
Indianapolis, IN 46204